IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BLAINE KOBY GHOLSON,

      Plaintiff,

          v.

BRADLEY J. SHEEDER *Intelligence Captain*, ET AL.,

      Defendants.

18cv1451
ELECTRONICALLY FILED

# **MEMORANDUM ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND PLAINTIFF'S MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND JOINDER OF CLAIMS**

**(Doc. 1, Doc. 2, and Doc. 4)**

Blaine Koby Gholson ("Plaintiff") is a *pro se* litigant currently housed in the State Correctional Institution at Pine Grove. On October 30, 2018, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"), (Doc. 1), in order to prosecute a prisoner civil rights complaint.

I.    Background

The case was referred to Magistrate Judge Maureen Kelly in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D. Magistrate Judge Kelly's Report and Recommendation, (Doc. 2), filed on November 5, 2018, recommended that Plaintiff's IFP Motion be denied due to Plaintiff having more than sufficient funds in his inmate account to pay the filing fee all at once. Plaintiff was informed that he could file Objections to the Report and Recommendation. While Plaintiff did not file anything entitled "Objections," he did file two items. The first item filed was a Declaration. (Doc. 3). The

second item Plaintiff filed was a "Motion for Joinder of Claims." (Doc. 4). Neither document addressed the Report and Recommendation's conclusion that Plaintiff has more than sufficient funds in his inmate account to pay the filing fee all at once.

II. Plaintiff's IFP Motion (Doc. 1) and Magistrate Judge's Report and Recommendation (Doc. 2)

With respect to Plaintiff's IFP Motion, the Magistrate Judge's well-reasoned Report and Recommendation, (Doc. 2), is adopted as the Opinion of the Court. Plaintiff's IFP Motion, (Doc. 1), is DENIED. **Plaintiff is ORDERED to pay the entire filing fee of $400.00 by December 31, 2018.** Failure to pay the filing fee by that date will result in the dismissal of this action with prejudice for failure to prosecute without further notice to Plaintiff.

III. Plaintiff's "Motion for Joinder of Claims (Doc. 4)

With respect to Plaintiff's "Motion for Joinder of Claims," in his Motion, Plaintiff asserts that he has a "clear right to join 'as many claims as [he] has against an opposing party'," and has a "clear right to join multiple defendants and bring multiple claims in the same lawsuit." (Doc. 4 ¶¶ 2-3). In his Declaration, Plaintiff avers that he has one other active pending case, namely Gholson v. Sheeder, Civ. No. 18-1280 (W.D. Pa.). (Doc. 3 ¶ 1). He further avers that the claims made in the case at bar, *i.e.,* Civ. No. 18-1451, are "connected to the claims made in 2:18-cv-01280 (arising from the same series of transactions and occurrences)." (*Id.* ¶ 2). Plaintiff further avers that the "only reason I did not file both claims together (originally) is because I had to wait to exhaust all administrative remedies from the 2:18-cv-01451 case." (*Id.* ¶ 5.)

In support of his Motion, Plaintiff relies on Federal Rule of Civil Procedure 18 (concerning joinder of claims) and Federal Rule of Civil Procedure 20 (concerning joinder of parties). Those Rules, however, address joinder of claims and parties in one action, which is not

2

the factual circumstance in the present situation where Plaintiff has filed one action and then filed a second action.[1] The language of the Rule 20 makes that clear. *See* Fed.R.Civ.P. 20(a)(2) ("Persons … may be joined in *one action* as defendants") (emphasis added). The commentary to Rule 18 makes clear that it too is intended to address joinder of multiple claims in one pleading and in one action. *See* Fed.R.Civ.P. 18 Advisory Committee's Notes (1937) ("This rule is inserted to make it clear that in a single action a party should be accorded all the relief to which he is entitled…").

Arguably, the more applicable Rule is Federal Rule of Civil Procedure 42, entitled "Consolidation; Separate Trials." Rule 42 provides in relevant part:

> **(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:
> **(1)** join for hearing or trial any or all matters at issue in the actions;
> **(2)** consolidate the actions; or
> **(3)** issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42. A motion pursuant to Rule 42, however, would be premature at this time, because until and unless Plaintiff pays the filing fee in this case, there is no second action which arguably may "involve a common question of law or fact" which "the court may . . . consolidate" with Plaintiff's first case. For these reasons, Plaintiff's "Motion for Joinder of Claims," (Doc. 4), is DENIED.

SO ORDERED this 28th day of November, 2018.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

---

[1] Plaintiff himself admits that he could not have brought all of his claims in one action at the time he filed the first suit because he had not yet exhausted his administrative remedies with respect to the claims in this second action.

cc: The Honorable Maureen P. Kelly
United States Magistrate Judge

BLAINE KOBY GHOLSON
HJ 8101
SCI PINE GROVE
191 FYOCK ROAD
INDIANA, PA 15701