IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| BLAINE KOBY GHOLSON, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:18-cv-1280 |
| v. | ) | District Judge Arthur J. Schwab |
| | ) | Magistrate Judge Patricia L. Dodge |
| BRADLEY J. SHEEDER, et al., | ) | |
| Defendants. | ) | |

| BLAINE KOBY GHOLSON, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:18-cv-1451 |
| v. | ) | District Judge Arthur J. Schwab |
| | ) | Magistrate Judge Patricia L. Dodge |
| BRADLEY J. SHEEDER, et al., | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Yulanda S. Webb[1] is a defendant in the above-captioned civil rights actions commenced by Plaintiff Blaine Koby Gholson. Pending before the Court is her Motion to Consolidate. (ECF No. 44 in 2:18-cv-1451). For the reasons that follow, the Court will grant her Motion in part and deny it in part. Specifically, the Court will consolidate these two actions solely for purposes of discovery and other pretrial purposes, but will deny the Motion to the extent that Ms. Webb seeks an order from the Court that merges the two civil actions into a single case at 2:18-cv-1280 and closes 2:18-cv-1451.

---

[1] Plaintiff spelled Ms. Webb's first name "Yolanda." She has clarified that the correct spelling is "Yulanda."

1

Also pending before the Court is Ms. Webb's Motion for Extension of Time to Respond to Plaintiff's Complaint. (ECF No. 57 in 2:18-cv-1280). The Court grants her motion and her responsive pleadings to the Complaints in civil actions 2:18-cv-1280 and 2:18-cv-1451 are now due by November 25, 2019.

I. **Background**

Plaintiff is a Pennsylvania prisoner who was incarcerated at the State Correctional Institution ("SCI") Pine Grove from around March 2018 to late April 2019. In the first civil rights action he filed with this Court, at 2:18-cv-1280, he names as defendants ten individuals, eight of whom are employed by the Pennsylvania Department of Corrections ("DOC"). The remaining two defendants—Ms. Webb and Dr. Bryan Byers[2]—are medical-care providers. The events in question in the Complaint are alleged to have occurred from March through July of 2018 at SCI Pine Grove. Plaintiff claims that his prison conditions were inadequate when he was in a psychiatric observation cell, and that one or more of the defendants unjustly seized his property, refused him notary services and use of the telephone, tampered with his legal mail, threatened to poison his food, and were deliberately indifferent to his medical needs. Underlying each of his claims is his allegation that Defendants violated his rights because they were engaged in a plot to kill him for purposes of collecting the profits on a fraudulent life insurance policy taken out in his name. The DOC Defendants have filed their Answer to the Complaint. Prior to today's order, Ms. Webb's responsive pleading was due on October 28, 2019. Pursuant to this Order, it is now due on November 25, 2019, which is the same date that Dr. Byers' responsive pleading is due.

---

[2] Plaintiff incorrectly identified Dr. Byers as "Lt. Byers." (ECF No. 61 in 2:18-cv-1280).

Plaintiff's second civil rights action is at civil action 2:18-cv-1451. The events in question in that case, which are also alleged to have occurred at SCI Pine Grove, occurred in May through July of 2018. Plaintiff claims that one or more of the defendants were deliberately indifferent to his medical needs, assaulted him, and unjustly seized his property. He named seven defendants, all of whom he alleges are part of the conspiracy to kill him for purposes of collecting the profits on the fraudulent life insurance policy. Ms. Webb is one of the defendants, and the other six defendants are individuals employed by the DOC. Two of those DOC Defendants (Captain Sheeder and Superintendent Estock) are, like Ms. Webb, also defendants in 2:18-cv-1280. The DOC Defendants have filed their Answer, and Ms. Webb's responsive pleading, which was due on October 28, 2019, will now be due on November 25, 2019.

Plaintiff's third civil rights action is at 2:18-cv-1632. The two defendants in that action are psychologists who work for the DOC at SCI Pine Grove, and the events in question in that case are alleged to have occurred in July 2018. Plaintiff claims that both defendants disregarded prison policy and ignored his request to assist him in filing a criminal complaint because they are part of the conspiracy to kill him to collect on the profits of the fraudulent life insurance policy. The Defendants have filed their Answer and discovery is complete. Plaintiff's pretrial narrative is due on November 21, 2019 and Defendants' motion for summary judgment or pretrial narrative is due by December 23, 2019.

In August 2019, Plaintiff filed a motion to consolidate his three civil rights actions. The DOC Defendants notified the Court that they did not oppose his request. However, because at that time service had not yet been effectuated upon Ms. Webb and Dr. Byers in 2:18-cv-1280 and upon Ms. Webb in 2:18-cv-1451, the Court denied Plaintiff's motion without prejudice to refile it after all defendants were served in all cases.

Thereafter, Ms. Webb was served and she filed the instant Motion to Consolidate 2:18-cv-1280 and 2:18-cv-1451, the two cases in which she is a defendant. Although Plaintiff previously requested that his civil actions be consolidated, he notified the Court that he now opposes Ms. Webb's Motion. (ECF No. 53 in 2:18-cv-1451). However, Plaintiff's opposition is premised upon his incorrect assertion that service has not been effectuated upon Dr. Byers in 2:18-cv-1280 and that, as a result, consolidation would unduly delay the progression of 2:18-cv-1451. As set forth above, Dr. Byers has been served and his responsive pleading to the Complaint in 2:18-cv-1280 is due on November 25, 2019. Accordingly, the litigation of Plaintiff's actions at 2:18-cv-1280 and 2:18-cv-1451 are at the same points procedurally.

## II. Analysis

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. Proc. 42(a). "Common questions of law and fact do not have to predominate. All that is required is that the district court find they exist and that consolidation will prove beneficial." 8 MOORE'S FEDERAL PRACTICE–CIVIL § 42.10[1][a], Lexis (database updated Sept. 2019). If there is a common question of law or fact, "district courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018); *see, e.g., A.S. ex rel. Miller v. SmithKline Beechham Corp*, 769 F.3d 204, 212 (3d Cir. 2015).

In exercising its discretion, a district court should consider whether it is fair to the parties to consolidate, and whether consolidation will promote efficiency, conserve resources, and avoid delay, duplication of effort, and inconsistent results. 8 MOORE'S FEDERAL PRACTICE–CIVIL

4

§ 42.10[4]; *see, e.g., Beloit v. Killion & Sons Well Serv. Inc.,* No. 16-362, 2016 WL 4539624, *2 (W.D. Pa. Aug. 31, 2016) (Bissoon, J.). Cases within which there are like claims, overlapping parties or discovery, and/or which are in the same stage of litigation may be amenable to consolidation. *Id.*, § 42.10[6].

The court's "[d]iscretion extends to the very form that consolidation takes." *Id.*, § 42.10[2][a]. For example, "[c]onsolidation may be expressly limited to pretrial proceedings, including pleadings and discovery." *Id.* "The Supreme Court has held that consolidation does not merge the consolidated suits into one lawsuit, change the rights of the parties, or make those who were parties in one suit parties in another." *Id.*, § 42.13[2], citing *Hall,* 138 S. Ct. at 1125 ("From the outset, we understood consolidation not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them.") and *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933).

Plaintiff's three civil actions share a common question in that he alleges in each of them that the defendants are part of the conspiracy to collect the profits on a fraudulent life insurance policy taken out in his name. The Court concludes that it is appropriate to consolidate the actions at 2:18-cv-1280 and 2:18-cv-1451 for discovery and other pretrial purposes. None of the parties will be prejudiced by consolidation and, since the cases are at the same stage procedurally, consolidation will not cause unnecessary delay in either case. Additional considerations that weigh in favor of consolidation are the fact that the alleged events in each case took place at SCI Pine Grove and involve overlapping time periods (May through July 2018), the cases share some common defendants (Webb, Sheeder, and Estock), and the DOC Defendants (who are the majority of defendants in both cases) are represented by the same counsel. In contrast, the action

at 2:18-cv-1632 does not share common defendants and discovery has been completed in that case. The Court will not consolidate it with 2:18-cv-1280 and 2:18-cv-1451.

Although in some complex cases a court may order the plaintiff "to file a single, consolidated complaint[,]" 8 MOORE'S FEDERAL PRACTICE–CIVIL § 42.13[5][a], it is not necessary, nor would it be more efficient, to require Plaintiff to do so here because the Complaints he filed at civil actions 2:18-cv-1280 and 2:18-cv-1451 are sufficiently clear and straightforward, and the DOC Defendants have already filed their Answer to each Complaint. At this time, it makes the most sense for the Court to consolidate these two cases solely for purposes of discovery and other pretrial matters. Therefore, after Ms. Webb and Dr. Byers have filed their responsive pleadings, the Court will issue a single case management order that will govern all pretrial matters in civil actions 2:18-cv-1280 and 2:18-cv-1451. If necessary and appropriate at a later time, the Court will determine if these two cases should be consolidated for trial purposes as well.

For these reasons, it is ORDERED that Ms. Webb's Motion to Consolidate is granted in part and denied in part. Civil actions 2:18-cv-1280 and 2:18-cv-1451 are consolidated solely for purposes of discovery and other pretrial matters.

It is further ORDERED that Ms. Webb is granted an extension of time until November 25, 2019 to respond or otherwise plead to the Complaints filed at civil actions 2:18-cv-1280 and 2:18-cv-1451.

SO ORDERED this 29th day of October, 2019.

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge